| | | |
|---|---|---|
| Bridget Akintayo,<br>   6505 Quiet Hours, #103<br>   Columbia, MD 21045 | * | In the United States District Court |
| | * | For the |
| Plaintiff | * | District of Maryland |
| vs. | * | |
| | * | |
| United Airlines Inc.,<br>   Serve On: CSC-Lawyers Incorporating Service Co.,<br>   7 St. Paul Street, Suite 820,<br>   Baltimore, MD 21202 | * | Case No.: 1:25-cv-2938 |
| & | * | |
| | * | |
| Sedgwick Claims Management Services Inc<br>   Serve On: CSC-Lawyers Incorporating Service Co.,<br>   7 St. Paul Street, Suite 820,<br>   Baltimore, MD 21202 | * | **Demand for Jury Trial** |
| | * | |
| | * | |
| | * | |
| Defendant(s) | | |

## Complaint

Comes Now, Bridget Akintayo, by and through her attorneys, Jimi Kolawole, Remi Tewogbade, and Kolawole Law Firm LLC, file this suit against United Airlines Inc. and Sedgwick Claims Management Services Inc. and in support thereof state as follows:

### Introduction

1. This is a civil action for damages arising from a severe in-flight incident aboard United Airlines Flight 613 on January 23, 2025, which subjected Plaintiff, a fare-paying passenger, to violent turbulence, multiple sudden altitude drop, and subsequent physical and psychological injuries.

2. Plaintiff brings this action for breach of contract under federal common law and international treaty law, including the Montreal Convention, to recover for personal injuries, pain and suffering, lost wages, medical expenses, and emotional distress.

### Jurisdiction

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Montreal Convention.

### Venue

4. Venue is proper in the District of Maryland under 28 U.S.C. § 1391(b) because Plaintiff resides in Maryland, received treatment in Maryland, continues to suffer damages in Maryland. Defendants conduct substantial business in Maryland, and a substantial part of the events giving rise to this action relate to Plaintiff's arrival in Maryland following the incident.

**Parties**

5. Plaintiff, Bridget Akintayo, is a resident of Prince George's County, Maryland.

6. Defendant United Airlines, Inc. is a commercial air carrier incorporated in Delaware with its principal place of business in Chicago, Illinois, and is authorized to do business in Maryland. Its registered agent is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

7. Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") is an insurance and claims management company that administers claims on behalf of United Airlines. It is authorized to do business in Maryland and its registered agent is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

**Facts Common to all Counts**

**The In-Flight Incident**

8. On January 23, 2025, Plaintiff boarded United Airlines Flight 613 in Lagos, Nigeria, en route to Dulles Airport in Washington, D.C., as a fare-paying, seat-belted passenger.

9. Approximately ninety-three minutes into the flight, the aircraft experienced a critical malfunction, which caused abrupt and violent loss of altitude and an uncontrolled descent from cruising level reportedly caused by sudden autopilot disconnection and navigation system failure.

10. This altitude excursion occurred multiple times while the aircraft was transitioning over Côte d'Ivoire airspace at approximately 36,000 feet, during active meal service in the cabin, resulting in multiple passenger injuries.

11. The abrupt descent caused chaos in the cabin. Despite being securely strapped in, Plaintiff was struck by a dislodged food tray, burned by spilled hot food, and violently shaken by the turbulence.

12. Plaintiff sustained immediate pain, bruises, burns, swelling, and musculoskeletal injuries as a direct result of the incident.

**Initial Emergency Treatment in Nigeria**

13. Upon landing, Plaintiff was transported by ambulance to the Aviation Medical Center in Lagos, Nigeria, where she was treated and observed overnight.

14. She reported pain in her left leg, left hand, right shoulder, and headaches. X-rays revealed no fracture, but she was diagnosed with muscle strain and discharged the following day.

**Subsequent Medical Treatment in the United States**

15. On January 28, 2025, Plaintiff visited her primary care physician at Faith Health Care Center in Maryland.
16. She reported severe knee pain, shoulder pain, persistent headaches, and difficulty walking. Examination revealed swelling and discoloration (described as blue/black) of the left knee, tenderness, limited shoulder range of motion, and a limp.
17. She was diagnosed with muscle spasms, soft tissue injury of the left knee, and right shoulder joint pain. X-rays were ordered, physical therapy was recommended, and medications including Medrodose, Cyclobenzaprine, Ibuprofen, Hydroxyzine, and Medrol were prescribed.
18. On January 31, 2025, Plaintiff presented at CAM Physical Therapy due to persistent pain.
19. She exhibited tenderness in her right trapezius, pectoralis, deltoid, and peripatellar musculature, calf, and quadriceps.  Functional limitations included difficulty standing, lifting, ascending stairs, and lying on her right side.
20. She was diagnosed with impairments consistent with in-flight injury and was prescribed skilled physical therapy 3 times per week for 4 weeks.
21. On March 13, 2025, Plaintiff discontinued physical therapy due to worsening pain, and a multiplanar MRI was ordered.
22. By June 3, 2025, despite completing prescribed therapy, she continued to experience intermittent, shooting pain in her left knee.

**Mental Health Trauma**

23. On March 18, 2025, Plaintiff sought care at Transcultural Care, a mental health clinic, due to escalating anxiety, insomnia, panic attacks, and intrusive thoughts related to the flight incident.
24. She reported severe sleep disturbances, recurring nightmares, appetite irregularities, and ongoing panic symptoms.
25. A GAD-7 assessment produced a score of 21, indicative of severe anxiety.  Plaintiff also screened positive for suicidal ideation, though without intent or plan.
26. She was prescribed Buspirone 10 mg twice daily.
27. A comprehensive evaluation diagnosed Plaintiff with Generalized Anxiety Disorder, Depression, and Post-Traumatic Stress Disorder (PTSD).
28. Plaintiff continues to suffer from anxiety, panic attacks, flashbacks, chronic fatigue, irritability, emotional withdrawal, and fear of flying, all stemming from the traumatic incident.

**Defendant's Conduct**

29. United Airlines offered Plaintiff only $7,000 in compensation, which grossly undervalues her injuries, medical expenses, lost wages, and pain and suffering.

30. Defendants have failed to adequately compensate Plaintiff for her physical and psychological injuries, thereby breaching their contractual and legal obligations.

### COUNT I – Breach of Contract (Against United Airlines)

31. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Plaintiff entered into a contract of carriage with United Airlines when she purchased a ticket for Flight 613, which obligated United Airlines to provide safe and reliable transportation.

33. United Airlines breached the contract by failing to ensure a safe flight, resulting in Plaintiff's injuries.

34. As a direct and proximate result, Plaintiff suffered physical injuries, medical expenses, lost wages, and emotional distress.

### COUNT II – Liability Under the Montreal Convention (Against United Airlines)

35. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. The Montreal Convention governs international air carriage and holds carriers strictly liable for passenger injuries caused by in-flight accidents.

37. The January 23, 2025 incident constitutes an "accident" within the meaning of the Convention.

38. Plaintiff suffered bodily and psychological injuries as a result of the accident and is entitled to recover damages under the Convention.

### COUNT III – Bad Faith Claims Handling (Against Sedgwick)

39. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Defendant Sedgwick, acting as claims administrator and agent of United airlines, has unreasonably undervalued Plaintiff's claim and failed to conduct a good-faith evaluation.

41. Plaintiff is entitled to compensatory damages and any other relief this Court deems just.

### Jury Demand

42. Plaintiff demands a trial by jury on all issues so triable.

**Prayer For Relief**

      WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding:

A. Compensatory damages in an amount to be determined at trial;

B. Damages for past and future medical expenses;

C. Damages for emotional distress, pain, and suffering;

D. Lost wages and diminished earning capacity;

E. Reasonable attorney's fees and costs;

F. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

Jimi Kolawole, Esq. CPF# 19732
Kolawole Law Firm LLC
7517 Cedar Grove Lane,
Elkridge, MD. 21075
443 546 8146 | oakolawole@justklf.com
Fax: 240 713 3242